IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DARRELL V SIRMANS,

    Plaintiff,

v.                                  CASE NO. 1:19-cv-75-MW-GRJ

JUDGE ROBERT P CATES,

    Defendant.

_____/

## ORDER AND
## REPORT AND RECOMMENDAITON

Plaintiff, an inmate at the Alachua County Jail, initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and seeks leave to proceed as a pauper (ECF No. 2). The Court finds that leave to proceed as a pauper should be granted for the limited purpose of recommending that the case be summarily dismissed.[1]

Although Plaintiff's allegations are somewhat difficult to construe, Plaintiff's exhibit to the Complaint reflects that this case stems from a judgment and sentence imposed in Alachua County Case No. 01-2000-CF-

---

[1] Pursuant to the Prison Litigation Reform Act, a prisoner seeking to bring a civil action or appeal *in forma pauperis* shall pay the full amount of the filing fee. 28 U.S.C. § 1915(a)(b)(1). As explained *infra*, Plaintiff's claims sound in habeas corpus, and in the interest of judicial economy, the Court will not assess the fee at this time in view of the fact that there is no basis for exercising jurisdiction over Plaintiff's claims.

002028-A.  According to Plaintiff's exhibit, that conviction became final in November 2004 when the First DCA dismissed his direct appeal.  *See Sirmans v. State,* Case No. 1D04-1426 (Fla. 1st DCA Nov. 4, 2004).  Plaintiff appears to allege that this conviction was the basis for a subsequent violation-of-probation proceeding.  It is unclear whether Plaintiff's current incarceration stems from the 2000 Alachua County case.  Although Plaintiff seeks to be "paid" for the time he served due to the earlier conviction, he further alleges that he was innocent of those charges.  ECF No. 1.

Plaintiff's claims are not properly asserted by way of a civil rights complaint.  "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . .  his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Although Plaintiff also asks for monetary relief, it is clear that gravamen of Plaintiff's claims implicate the fact or duration of his confinement pursuant to the previous judgment, and therefore such claims go to the very heart of habeas corpus and are not properly raised in a civil rights complaint.  Because Plaintiff is challenging a past sentence imposed in Alachua County, his remedy would be to file a habeas corpus petition

after first exhausting all available state remedies.  28 U.S.C. § 2254(b).

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED**.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice to Plaintiff's right to seek such habeas corpus relief as may be available.

**IN CHAMBERS** in Gainesville, Florida, on the 25th day of April 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.